IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOBY NEAL COLLIER, 1436736,<br>　　　　Petitioner, | )<br>)<br>) |
| v. | ) No. 3:13-CV-2962-G |
| | ) |
| WILLIAM STEPHENS, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>　　　　Respondent. | )<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Background

On May 9, 2007, Petitioner pled guilty to aggravated sexual assault of a child under fourteen. *State of Texas v. Toby Neal Collier*, No. 31250-CR (13th Jud. Dist. Ct., Navarro County, Tex., May 9, 2007). Petitioner did not file an appeal.

On May 6, 2012, Petitioner filed a state habeas petition. *Ex parte Collier*, No. 77,771-01 On June 13, 2012, the Texas Court of Criminal Appeals denied the petition without written order.

On April 9, 2013, Petitioner this federal petition pursuant to 28 U.S.C. § 2254. He argues:

1. He received ineffective assistance of counsel because counsel failed to challenge the sufficiency of the indictment;

2. The indictment was defective because it failed to charge an offense under Texas Penal Code § 22.021(a)(2)(B);

3. He received ineffective assistance of counsel because counsel failed to inform him that the victim made contradictory statements and that she did not allege penetration;

4. There was no evidence to support the conviction;

5. He was admonished by the trial court after he pled guilty; and

6. He was on anti-psychotic drugs at the time of his guilty plea which rendered his guilty plea involuntary.

On December 9, 2013, Respondent filed his answer arguing the petition is time-barred. Petitioner did not file a reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner's conviction became final on June 8, 2007, when the time for filing a direct appeal expired. Tex. R. App. P. 26.2(a); *See also Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (stating finality is determined by when the time for filing further appeals expires). Petitioner then had one year, or until June 8, 2008, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file his state habeas petition until May 6, 2012, which was after the AEDPA limitations period expired.

Petitioner was required to file his federal petition by June 8, 2008. He did not file his petition until April 9, 2013. His petition is therefore untimely.

---

[1] The statute provides that the limitations period shall run from the latest of--

>(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner claims he has new evidence that shows he is actually innocent. He states his counsel suppressed written statements by the victim "that exculpated him from the commission of the alleged and charged offense." (Pet. at 9.) The Supreme Court has recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. Petitioner has failed to meet this high standard. He has failed to submit any evidence of exculpatory statements, or any new evidence at all. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 12 day of May, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).